Adkins *vs.* Paul.

---

### ADKINS *vs.* PAUL.

The answer of one defendant cannot be read in evidence against his co-defendant, when, instead of being any privity between the parties, they are in an attitude of hostility to each other.

In Equity, in Houston Superior Court. Decision made by Judge LAMAR, at Chambers, on the 12th of June, 1860.

The questions presented for adjudication in this case, depend upon the following state of facts, to-wit:

In the year 1838, William Paul departed this life intes-

tate, in the county of Marion, leaving an estate worth $3,000 00 or more, consisting of one hundred acres of land in said county of Marion, one negro man by the name of Peter, and some other property. The deceased also left surviving him, his wife Catharine Paul, and his two daughters, Orra E. Paul and Sarah W. M. Paul, who were his only heirs-at-law. Catharine Paul took out letters of administration on the estate of said deceased, during the same year in which he died, and took possession of said estate, and retained and used the same until the year 1853, when the land was sold by her at administratrix's sale, for the sum of $1,026 00. The said land, from 1838 to 1853, was worth for rent, $100 00 per annum, which was received and appropriated by the administratrix to her own use and benefit. From the death of the intestate up to the 25th of January, 1856, the administratrix retained in her possession the negro man, Peter, worth the sum of $1,200 00, and, during all that time, appropriated the services and hire of the negro to her own use and benefit, the hire being $130 00. Catharine Paul also took out letters of guardianship of the persons and property of the said Orra E. Paul and Sarah W. M. Paul, and has never been dismissed or discharged from either the administration or guardianship, and has never made any returns to the proper court as such, since the year 1846. Previously to that time, she did make some returns, as administratrix, to the Court of Ordinary in Marion county, which were all destroyed by fire, at the burning of the courthouse in said county.

On the 25th of January, 1856, Sarah W. M. Paul, a minor, by her next friend, Mark H. Blandford, and Orra E. Paul, in her own right, being of full age, filed their bill in Equity, alleging the foregoing facts, and also that the said Catharine Paul was much involved and embarrassed with debts, and that judgment for a large amount had been obtained against her, and that she has no property, except two hundred and eighty acres of land in Houston county, and a negro girl by the name of Ann, worth $1,000 00; that said negro girl was purchased with the funds and assets

of the estate of William Paul, deceased, of which estate, with the rents, increase and profits thereof, the complainants are entitled to one-third each; that at the October Term, 1855, of Houston Superior Court, John Adkins obtained a judgment against the said Catharine, for $700 00, and that Jesse Tennison, also, at the same term of said Houston Superior Court, obtained a judgment against the said Catharine, for the like sum of $700 00; that *fi. fas.* issued from said judgments, and have been placed in the hands of the sheriff of said county of Houston, to be levied upon the said negroes Peter and Ann, and that if said negroes are sold under said executions, the complainants will be deprived of their just rights.

The bill prays a discovery as to the facts alleged, also that the progress of said *fi. fas.*, as against said negroes, be enjoined, and that the negroes be, by decree of the Court, sold, and the proceeds applied to the payment of what is due complainants from the said estate of their deceased father.

The injunction issued as prayed for in the bill.

Catharine Paul filed her answer, admitting that the charges in the bill were true, and that since the filing of the bill, the said two hundred and eighty acres of land had been sold, as her property, at sheriff's sale.

The answers of John Adkins and Jesse Tennison, either deny a knowledge of the facts charged in the bill, or admit their truth from information, except as to the purchase, by Catharine Paul, of the negro girl, Ann, with the money of the estate of William Paul, deceased.

On that subject, Adkins answers that he has been informed, both by complainants and said Catharine, that the negro girl Ann belonged to the latter, and that said Catharine informed him that she bought the negro girl, Ann, with her own earnings.

Tennison answers: that said Catharine told him that the negro girl, Ann, belonged to her in her own right; that she worked for and bought her with her own money, had partly raised her, and did not want to sell her; that she was then

mortgaged to one of her neighbors for one hundred and thirty dollars.

Pending the bill, Sarah W. M. Paul died, and Orra E. Paul, her regularly appointed administratrix, was made party complainant in her stead. The negro girl, Ann, also had a child pending the suit.

On the trial of the case, the complainants introduced the *fi. fas.* in favor of Adkins and Tennison, the latter of which was levied on the negro girl, Ann, and both of which had been levied on the two hundred acres of land, which was sold on first Tuesday in March, 1856, for $750 00.

The complainants closed.

The defendant proved, by several witnesses, that Catharine Paul claimed and asserted title to the negro girl from 1853, up to 1855, and said that she bought the negro girl, Ann, with her own money. Some of the witnesses testified that Orra Paul said the negro girl belonged to her mother, Catharine Paul, and others testified, that Catharine Paul asserted title to the negro in the presence of Orra E. and Sarah W. M. Paul, and that they acquiesced in the assertion of title, and that, at these times, Orra E. Paul was about twenty years old, and Sarah W. M. Paul was about seventeen years old. It also appeared, in evidence, that at one time Catharine Paul returned and paid taxes on some property as guardian of complainants, and afterwards, she ceased thus to return property.

The jury returned a verdict and decree in favor of complainant, Orra E. Paul, in her own right, for $1,000 00, and for the like sum, as administratrix of Sarah W. M. Paul, to be recovered of the said Catharine Paul; and that the negro man, Peter, and the negro girl, Ann, and her child, were assets in the hands of Catharine Paul, as administratrix of William Paul, deceased, to be administered, and subject to the claim of complainants, said negroes being collectively worth $2,100 00; and that the negroes, at that valuation, be delivered to complainant for the purpose of satisfying the said recovery in favor of the complainant; and that the injunction against Adkins and Tennison be

made perpetual, with leave to pursue the interest of Catharine Paul, in the hands of Orra E. Paul, as administratrix of Sarah W. M. Paul, after the debts and expenses of the administration of Sarah W. M. Paul's estate are paid, and that the defendants pay the cost of this suit.

Counsel for Adkins and Tennison then moved for a new trial, on the following grounds, that is to say:

1st. Because the verdict, so far as the negro girl, Ann, and her child, are concerned, is unsupported by evidence, as there is no evidence; that said girl, Ann, was paid for with the funds of the estate of William Paul, deceased, save the answer of Catharine Paul, which was not legal evidence against the judgment creditors.

2d. Because the verdict was contrary to the evidence.

3d. Because the Court erred in charging the jury, that the answer of Catharine Paul, though not evidence against the other defendants, might be taken into consideration by them so far as issue was joined with it by the evidence introduced.

4th. Because the verdict is against law and equity.

The presiding Judge overruled the motion for a new trial, and that decision is excepted to, and its reversal asked on the ground that it was erroneous.

JOHN M. GILES for plaintiffs in error.

A. M. SPEAR, for defendant in error.

*By the Court*—LUMPKIN, J., delivering the opinion.

We are not quite sure that we apprehend the charge of the Court correctly as to the answer of Catharine Paul. It is conceded that it could not be evidence against the co-defendants—the Court, at the same time, holding that it might be taken into consideration by the jury, so far as issue was joined with it by the evidence introduced. That is, if we understand the charge rightly, that it might be received in rebuttal of the proof offered by Adkins and Tennison. Is not this making it evidence against Adkins and Tennison? We think so most clearly; and yet we hold, and so his

Adkins *vs*. Paul.

Honor concedes, that it cannot be so used.   The truth is, the answer of Catharine Paul is evidence against herself, and can be legitimately used by the complainants to charge her with the assets in her hands, which come from the estate of William Paul, their father.   But there is no such privity between her and the other defendants, as to authorize her answers to be used as evidence against them, or to rebut the testimony of their witnesses, which is, in fact, to use the answer against them.

And while the proof outside her answer raises a probability, or at least a possibility, that the girl, Ann, and her child, were bought with the money arising from the sale of the land of William Paul, deceased, yet, apart from the answer of Catharine Paul, the evidence would be too unsatisfactory to warrant, perhaps, a finding to that effect.

Why not examine Mrs. Paul on the stand?   Does not she stand indifferent between the creditors and complainants? Or, at least, is not her interest neutralized?   She is liable to her creditors on their judgments.   She is responsible to the complainants for the money of the estate, which it is alleged went to pay for Ann and child.

I merely make these suggestions, without holding myself bound by them.   Our judgment is, that the Court erred in allowing the answer of Catharine Paul to be used against her co-defendants for any purpose.

Judgment reversed.